B 27 (Official Form 27) (12/13)

## UNITED STATES BANKRUPTCY COURT
### Southern District of Ohio

In re   Jerold Eugene Fourman                Case No. 3:14-bk-32015
        Debtor(s)                                      Chapter 7

### REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: Day Air Credit Union

2. Amount of the debt subject to this reaffirmation agreement:
   $6632.57 on the date of bankruptcy   $6632.57 to be paid under reaffirmation agreement

3. Annual percentage rate of interest: 3.140% prior to bankruptcy
   3.140% under reaffirmation agreement: (✓ Fixed Rate or ___ Adjustable Rate)

4. Repayment terms (if fixed rate): $ 193.02 per month for 36 months

5. Collateral, if any, securing the debt: Current market value: $9050.00
   Description: 2005 Ford F150, VIN: 1FTPX12525NB39355

6. Does the creditor assert that the debt is nondischargeable? ___ Yes   ✓ No.
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

**Debtor's Schedule I and J Entries**         **Debtor's Income and Expenses**
                                                         **as stated on Reaffirmation Agreement**

7A. Total monthly income from   $2,918.97
     Schedule I, line 12                            7B. Monthly income from all   $2,918.97
                                                        sources after payroll deductions

8A. Total monthly expenses   $2,895.67
     from Schedule J, line 22                   8B. Monthly expenses   $2,895.67

9A. Total monthly payments on   $ _____     9B. Total monthly payments on   $ 0
     reaffirmed debts not listed on                        reaffirmed debts not included in
     Schedule J                                               monthly expenses

                                                         10B. Net monthly income   $23.30
                                                       (Subtract sum of lines 8B and 9B
                                                         from line 7B. If total is less than zero,
                                                         put the number in brackets.)

B 27 (Official Form 27) (12/13)

11. Explain with specificity any difference between the income amounts (7A and 7B):
_____
_____

12. Explain with specificity any difference between the expense amounts (8A and 8B):
_____
_____

If line 11 or 12 is completed, the undersigned debtor, and joint debtor, if applicable, certifies that any explanation contained on those lines is true and correct.

_____
Jerold Eugene Fourman Signature of Debtor
(only required if line 11 or 12 is completed

_____
Signature of Joint Debtor
(if applicable, and only required if line 11 or 12 is completed

**Other Information**

☐   Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____
_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?

    X  Yes          ____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?

    X  Yes          ____ No

**FILER'S CERTIFICATION**

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

By: **Stephen D. Miles, Attorney for Creditor**
Print/Type Name & Signer's Relation to Case

B 240A - (Form B24A) (4/10)

> Check one.
> ☐ Presumption of Undue Hardship
> ☒ No Presumption of Undue Hardship
> *See debtor's Statement in support of Reaffirmation, Part II below, to determine which box to check.*

## United States Bankruptcy Court
## Southern District of Ohio

In re   Jerold Eugene Fourman                    Case No. 3:14-bk-32015
      Debtor(s)                                    Chapter 7

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** Day Air Credit Union

☒ Check this box if Creditor is a Credit Union

### PART I. REAFFIRMATION AGREEMENT

Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.

A. Brief description of the original agreement being reaffirmed: auto loan
                                                      *For example, auto loan*

B. **AMOUNT REAFFIRMED**:       $6632.57

The amount reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, fees and costs (if any) arising on or before 6/18/14, which is the date of the Disclosure Statement portion of this form (Part V).

    *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The **ANNUAL PERCENTAGE RATE** applicable to the Amount Reaffirmed is: 3.140%

    *See the definition of "Annual Percentage Rate" in Part V, Section C below.*

    This is a (check on)     ☒ Fixed rate     ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☒ $193.02 per month for 36 months beginning with the payment due on 7/27/14.

☐ Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

E. Describe the collateral, if any, securing the debt:

Description: 2005 Ford F150, VIN: 1FTPX12525NB39355
Current market value                                                                                           $9050.00

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☒ Yes        ☐ No

If yes, what was the purchase price for the collateral?        $ 8393.65
If no, what was the amount of the original loan?              $

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement: **No Changes**

|  | Terms as of the date of bankruptcy | Terms after Reaffirmation |
|---|---|---|
| Balance due (including fees and costs) | $ | $ |
| Annual Percentage Rate | % | % |
| Monthly Payment | $ | $ |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

I. EFFECT OF RESCISSION. You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the Creditor that your reaffirmation agreement is rescinded (or canceled).

    1.    This agreement may be rescinded by the Creditor at any time prior to discharge or within 60 days after it is filed with the court, whichever occurs later.

    2.    If Debtor rescinds this reaffirmation agreement, then Debtor will remain obligated for any monthly payments which were due hereunder prior to rescission.

B 240A - Reaffirmation Documents

Page 3

    3.    If the debt being reaffirmed is secured by any collateral, then it is agreed that Debtor shall, during the interim until this Agreement is enforceable, and thereafter, remain in possession of the collateral, which collateral is described in the original debt instrument. Provided, however, that Debtor agrees to surrender possession of said collateral to Creditor immediately upon: a) failure of the Debtor to furnish sufficient proof of insurance; or, b) failure of Debtor to make each payment when due or otherwise fail to comply with any term of this Agreement or any term of the original debt instrument. The return of the collateral, due to rescission, does not impair Debtor's right to file a motion to redeem.

    4.    If this Agreement is rescinded, then it is agreed that Creditor shall retain all payments made prior to the rescission.

## PART II. DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

    Check one.  ☒ Yes    ☐ No

B. Is the creditor a credit union?

    Check one.  ☒ Yes    ☐ No

C. If your answer to EITHER questions A. or B. above is "No" complete 1. and 2. below.

    1. Your present monthly income and expenses are:

        a. Monthly income from all sources after payroll deductions
(take-home pay plus any other income)    $_____

        b. Monthly expenses (including all reaffirmed debts except this one)    $_____

        c. Amount available to pay this reaffirmed debt (subtract b. from a.)    $_____

        d. Amount of monthly payment required for this reaffirmed debt    $_____

*If the monthly payment on this reaffirmed debt (line d.) is greater than the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

    2. You believe this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

Check one of the two statements below, if applicable:

☐ You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

☐ You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because: _____
_____.

Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

☒ You believe this reaffirmation agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I (We) hereby certify that:

(1) I (We) agree to reaffirm the debt described above.

(2) Before signing this reaffirmation agreement, I (we) read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am (We are) entering into this agreement voluntarily and fully informed of my (our) rights and responsibilities; and

(5) I (We) have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S): (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date __8-5-14__    Signature __*Jerold Eugene Fourman*__
                               Jerold Eugene Fourman, Debtor

Date _____    Signature _____
                                   , Joint debtor, if any

## Reaffirmation Agreement Terms Accepted by Creditor:

Remit payments to:
Creditor Day Air Credit Union, Post Office Box 292980, Kettering, OH 45429

STEPHEN D. MILES, Attorney for Creditor
Print Name of Representative
18 W. Monument Avenue, Dayton OH 45402

Signature: *[signed]*    Date: 8/18/14

## IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date: 8/4/14    Signature of Debtor's Attorney: *[signed]*

Printed Name of Debtor's Attorney: Justin Matthew Lopez

PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part 1) and these additional important disclosures and instructions.

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, detailed in Part B below, are not completed, the reaffirmation agreement is not effective, even though you have signed it.

A.   DISCLOSURE STATEMENT

1.   **What are your obligation if you reaffirm a debt?** A Reaffirmed debt remains your personal legal obligation. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the reaffirmation agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2.   **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3.   **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. The property subject to is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4.   **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this Reaffirmation Documents packet requiring signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required.

5.   **Can you cancel the agreement?** You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your reaffirmation agreement is filed, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this reaffirmation agreement be effective?**

   a. **If you *were* represented by an attorney during the negotiation of your reaffirmation agreement**

   i. **if the creditor is not a Credit Union**, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship in which case the agreement becomes effective only after the court approves it;

   ii. **if the creditor is a Credit Union**, your reaffirmation agreement becomes effective when it is filed with the court.

   b. **If you *were not* represented by an attorney during the negotiation of your reaffirmation agreement**, the reaffirmation agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction, 5, below. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing, at which time the judge will review your reaffirmation agreement. If the judge decides that the reaffirmation agreement is in your best interest, the agreement will be approved and will become effective. However, if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your reaffirmation agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the reaffirmation agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

B. **INSTRUCTIONS**

1. Review these Disclosures and carefully consider the decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

B 240A - Reaffirmation Documents

Page 8

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney section (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your reaffirmation agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form B240B to do this.

C. **DEFINITIONS**

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to (reaffirm) by entering into this agreement. The amount of debt included any unpaid fees and costs arising on or before the date you sign this agreement that you are agreeing to pay. Your credit agreement may obligate you to pay additional amounts that may arise after the date of this agreement.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461 (b) (1) (A) (iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.